Good morning, Your Honors. Mark McBride for Petitioner Bobadilla. I'd like to do seven minutes, three minutes, please. I'm actually, frankly, intrigued as to why the court certified the question as the alleged procedural default. I'd love to answer questions about it, but here's what I would like to do. If you start looking at this case with him having effectively three months left to file his petition, and then you take a look at the law, you know, Holland and Lawrence, and the cases from our circuit on equitable circumstance or equitable tolling, they leave open some things that should be resolved with more questions and more facts, and that's why I'm asking for an evidentiary hearing, if not a reversal. Well, I have a number of questions for you on this case because I want to make sure I understand a few things. So let's just start because it seems like the federal limitations period had not yet expired when counsel belatedly notified Bobadilla of the California Supreme Court decision, and then his counsel expressly informed him that his federal petition was due by a date certain, and I think it was about two and a half months away. January 31st. Right. So I guess one of my first questions, how then did the delay make it impossible, because that's what the language is, for Bobadilla to file a federal petition within the EDPO limitations period? Well, it's unclear from the record how he felt, but, I mean, my client could have, I think it's permissible to infer that he thought he didn't need to take up the cudgels right at that point on his own after having a public defender for a long trial paid for at state expense, after having his direct appeal paid for by the state, by the capital. Well, I guess my question, how strictly do we interpret the Court's case law regarding impossibility? Like, even if we assume Bobadilla had demonstrated an extraordinary circumstance, I mean, because I think the not notifying him is significant, did the circumstance make it impossible for him to timely file? I think that it did because it's borne out by the fact that how hard he tried to start preserving his record a month after the deadline had effectively been blown. So if you look at his diligence, I mean, I think these cases, the four cases at the heart and soul of my opponent's brief, Holland, Prunty, Spitzin, they create a spectrum of sorts where more diligence might outweigh extraordinary circumstances and vice versa. I'm curious because your brief doesn't argue the stop clock approach as has been articulated in Gibbs and Luna. It didn't, your brief didn't really say that that applied in this case, such that the EDPA's clock was stalled until November 12th of 2012, and under which I guess Mr. Bobadilla would have had until November 12, 2013 to file his federal petition. I guess, what's the reason that you didn't argue that or do you not believe the stop clock approach applies in this case? It was honestly hard to make that argument credibly with the Court because the state petitions he filed were after his cutoff deadline. And so to me, the fact that he tried so hard to get his record done. But his deadline would have been a year. If you argue, I guess I'm not sure I understand. He passed the deadline of January 31st, and then he files, which could have been construed as gap tolling. And so I guess I'm not understanding. Well, but there's a whole other approach in this Gibbs case that would have counted the time from when he first dialed out to be a whole year and then to show that he was diligent in that year. And it doesn't look like you're arguing that. I'm just trying to figure out why not. I didn't think it was as credible of an argument as allowing him equitable tolling and essentially giving him back those three months or the time that he, you know, lapsed. The important thing about the case is that, considering the federal rights he's giving up prospectively at the time while being represented, I think really weighs in favor here of equity and equitable tolling. And it's a 50-year-to-life case. So I would respectfully argue that given the severity of the case, it should, you know, it should be seen on a spectrum as the evidentiary hearing cases from this district or this circuit leave open. And are you aware of the Holland case? You mentioned it right now. So I'm sorry, not Holland, Hubbard. Hubbard versus Miller. I'm honestly not. Okay. Because it appears that the same magistrate who ruled in this case ruled in that case and granted equitable tolling to that petitioner who was represented by the same lawyer, Mr. Colucci, at the same time as he was representing Mr. Bobadilla, at least from what I can put together, and who Mr. Colucci similarly failed to notify regarding the California Supreme Court's denial of his petition for review. And I was just trying to see if you were familiar with it, if you'd done any further inquiry to explain or see what might explain Mr. Colucci's omission here. I honestly have not. It's good to know. I would ask for an evidentiary hearing at the very least in this case, given what I've presented. And that's all I have. Thank you. May it please the Court, Deputy Attorney General Mark Cohn for the warden. The only question before this Court right now is whether a petitioner has established equitable tolling. Are you familiar with the Hubbard case? No, I'm sorry. I'm not familiar with the Hubbard case at all. That's not something we discussed in our briefing. That's just something that has come to the Court's attention, I imagine. Yes, and it's involved Mr. Colucci, same thing, same explanation, same sort of extraordinary sort of circumstance surrounding. No, I'm not aware of the Hubbard case, and the bottom line is it doesn't matter. The question is whether there were facts showing equitable tolling in this case. Well, let's talk about that because our case law, and I know this counsel may not have argued this, but our case law suggests that when an extraordinary circumstance prevents a habeas petitioner from filing a petition on time, the clock stops and the petitioner is entitled to a full year from the removal of the extraordinary circumstance to file a petition. It seems like in this case it wouldn't the application of the stop clock entitle Mr. Bobadilla to tolling until November 12, 2013, one year after he learned about the California Court of Appeal or Supreme Court's decision. Well, I certainly don't want to argue too advanced an argument where it's not something that's been articulated below and it's not been articulated in the briefs. Well, but it's a legal question, I think, that's important, so if you could answer it, I'd appreciate it. Well, my only understanding of the facts here is that there was no obstruction created by the state that was preventing him from filing his petition. The case law that I've cited is quite clear that if a defendant's going to argue tolling, he has to show that there's an extraordinary circumstance and that they've prevented him from filing. I cited in my brief Justice Kaczynski's opinion in Banks v. Walker. In that case, the appellate attorney didn't inform the petitioner until after the deadline had expired. So in that case, he actually didn't tell him until after the deadline had expired that the state petition for review had been denied. And in that case, the petitioner and his family had actually been contacting the attorney several times to try to inquire into the status of the case. Still, Justice Kaczynski concluded that that didn't amount to an extraordinary circumstance and that there was no adequate diligence by the petitioner to inquire into the status of his case. But you don't challenge that a reasonable person is entitled to rely on counsel to inform him when the state court issues a decision, correct? No, actually, I disagree. I think that's exactly what was held in Banks v. Walker is the relevant question is diligence. In Banks v. Walker, what Justice Kaczynski's holding was, yes, I know that the petitioner was trying to contact his attorney. I know that he tried to contact his attorney several times to inquire into the status of his case. I know that his family was contacting the attorney. And still, Justice Kaczynski said, but there was no showing he didn't just try to contact the California Supreme Court to check in the status of the case. So, no, I don't agree at all. I think the case law is clear that you can't just simply sit back and assume your attorney is going to tell you in a prompt manner. I would also note that that Banks v. Walker case also cites the Third Circuit case, LaCava v. Kyler. That's a Third Circuit case. And in LaCava v. Kyler, the court said, LaCava fares no better by implying that counsel was derelict in failing to timely notify him of the state court's disposition. So, and there are other cases. Can I ask you, in those two cases you've just cited, what were the time lags involved? I don't remember exactly the specific time lag. But in Banks v. Walker, the deadline had actually expired. No, no, no. The time that something – how long was the petitioner waiting for a decision from the court? That I don't remember offhand. Well, it seems to me that's the key fact in every one of these cases. Surely, if you've waited 10 years for a petition for review to be decided and you haven't done anything to inquire of the court or of your lawyer, everyone would agree, well, that's probably not showing diligence. But here, if I remember, it was only a year, 11? Well, it depends on – I mean, the petition for review was filed September 26, 2011. Okay. So it's about a year until he found out. Well, November 17, 2012 is the obligation. About a year. So it's over a year. Okay. Well over a year. 13 months? 14 months? Right. Okay. So, fine. All I'm saying is that if a reasonable petitioner would assume that it might take roughly that long for the California Supreme Court to act on the relevant filing, there's no obligation for the client – for the petitioner, rather, to check in with the lawyer every week or check in with the court. You can – you're entitled to rely on your lawyer to let you know of significant developments in the case, aren't you? Respectfully, I disagree. I think Banks v. Walker. How long was the delay there? I apologize again. If you don't know, then you can't rely on that case because if it was five years, then fine. That's totally distinguishable. Now, if you're going to tell me the delay there was only six months, then I might listen to you. But if you don't even know the time period, I don't think you can invoke that case as controlling here. Well, I do think that case is clearly on point, saying that it's not enough to require counsel, that you have to contact the California Supreme Court. Just ever? Ever? I'm sorry. Ever? Ever. Whether – well, if you're asking whether it dates to – Ever, ever. Can you never rely on counsel? Is that what you're saying? Well, the question is whether it's an extraordinary circumstance. I know, but – And the cases have said mere negligence by an attorney is not enough. But we – you're – circumstances, though, matter, what your argument is. Is that correct? So I'm just asking you, is that just a blanket, you can never rely on your counsel? Yes. I think the case law is clear that it's not enough to say counsel didn't notify the petitioner. I think, yes, whether it's Banks v. Walker or LaCava, yes, I believe those cases have clearly said the mere failure to notify is not an extraordinary circumstance. Let's talk about – well, then, what's a reasonable – and I guess this is sort of maybe what Judge Watford was asking. What is a reasonable amount of time or what's beyond the limits of what a petitioner can – what's too long? Where do we – where's the cutoff? I don't think that's a question that needs to be decided because what has to be shown is whether there is an extraordinary circumstance and whether the extraordinary circumstance prevented the filing. Right. So are you separating out the extraordinary circumstance? Are you incorporating any time that might have lapsed into the extraordinary circumstance? I'm trying to understand your approach to extraordinary circumstance, which would allow – or one of the sort of significant factors toward equitable tolling. So there are several factors. They have to be viewed individually. The facts tend to overlap with the different elements. If we're simply looking at extraordinary circumstance, the mere failure by the attorney to notify the petitioner that the California Supreme Court has denied his petition for review, that's not an extraordinary circumstance. Well, let me stop you right there. I'm sorry to interrupt. No, go ahead. But I actually find your argument on this point somewhat misleading, maybe not intentionally. I guess I would just caution in the future, if you're going to invoke the name of one of our colleagues as having authored an opinion that's – I thought you were saying it was controlling. This is an unpublished district court decision that our colleague, Judge Kaczynski, authored when he was sitting by designation. It has no controlling effect on our decision here. And it's actually – I just read it. And it's inconsistent, actually, with our controlling circuit law. The point of law that you've just invoked, you're right, that is what Judge Kaczynski held here, but it's not consistent with our subsequent circuit law. So if you're going to invoke a decision, again, authored by one of our members, at least tell us, acknowledge that it's a district court decision and it's not binding, okay? I certainly apologize to the extent that I was misleading. I have provided the entire site in my brief for that case. So I certainly apologize for not providing that. Well, I'm just telling you the legal principle that you've invoked from this case is just wrong. It's not our circuit law. So everything that you've been arguing in terms of the framework that you've had this discussion with Judge Murgia is irrelevant because the one case that you've decided to support that is not binding, and it's actually inconsistent with binding law from our circuit. Okay. Actually, I still have more time. Yes. I don't know if you're familiar with the case of Huizar v. Carey. Not offhand. Is that something that was in the briefing? I apologize. Well, we held in that case, without reservation, that 21 months was not an unusually long time to wait for a court's decision. A California Supreme Court rule also provides that the court will promptly notify the parties of its decision. I'm just trying to figure out why doesn't Huizar compel the conclusion that Boba Dia acted with reasonable diligence in waiting one year for a decision? So knowing you shouldn't cite to banks, what is your response? So my response is it's not simply a question. First of all, the ultimate question is whether it prevented him from filing his petition. I want to make that clear. The ultimate question is whether there was an extraordinary circumstance that prevented a time with filing. He was paying for a lawyer here in this case who did not tell him when the Supreme Court, almost a year afterwards, when he told him about the Supreme Court denying his petition. It seems like, you know, shortly thereafter, he made some steps, if I understand this record correctly, by going to the state and trying to file his state habeas. He did something in February, I believe. It never was actually filed, but he, in his declaration, and I think he may have submitted one other corroborating sort of piece. And then he did something else later from that. And so I guess in this circumstance, I'm just trying to figure out there's a lot of moving parts here. One is when does the clock actually start, and then why wasn't he diligent? Okay, so November 17, 2012, he has everything he needs to file his federal petition. At that point, he's definitely notified by his attorney what the federal deadline is. He's given a blank petition to fill out. He already has all the documents from state court. When he ultimately does file his federal petition, all he does is copy the table of contents from the opening brief on direct appeal and the petition for review on direct appeal. Table of contents was the same. So November 17, 2012, he still has 75 days left to file his federal petition, but he doesn't file it in that time. He doesn't file his federal petition until November 7, 2013, about a year later. He has to show that extraordinary circumstance caused the late filing, and he can't under these facts. Well, that's interesting because, you know, this Hubbard case that I just mentioned, you know, that is another case involving Mr. Calucci's failure to notify his client of state court's decisions for over a year. And it gives me great pause because in the case of Hubbard, the court granted equitable tolling. And I'm just trying to figure out how we reach an inconsistent result here. I mean, I know you probably haven't read Hubbard, but the facts are nearly identical. In November of 2012, Mr. Calucci sent a letter to Mr. Hubbard informing him of the California Supreme Court's decision, returning his file, and advising him that he had until January 31, 2013, to file a federal habeas petition. And in that case, Mr. Calucci, the same lawyer, similarly blamed his delay on an office move. Mr. Hubbard had done nothing to verify the status of his decision for the previous year, and he filed a federal habeas petition two months after AEDPA's deadline lapsed. But unlike Bobadilla, Hubbard did not seek state habeas. So I'm just trying to figure out how do we say in one case that that did constitute extraordinary circumstance, and another with almost nearly identical facts say it doesn't? I apologize. I'm not familiar with Hubbard, so I'm not prepared to attempt to distinguish what the difference is. I would point out that this state habeas that he filed, it has nothing to do with his federal petition. His federal petition was just copied from what he did. Well, doesn't it go towards diligence? No. The question of diligence is whether he filed his federal petition in a timely manner. I just don't think it's relevant. Okay. Thank you. Thank you. Thank you. Just briefly, let me answer the Justice's question on the right. The statutory. Just on the right, is that Judge Watford? Watford. It was 10 months, 10 days. That's the lapse in time. And in light of, I guess, WESAR, which I was not aware of, you have a 21-month gap. And then in light of the judge's comments from the center, how do we reconcile this with the same defense attorney's M.O. in Hubbard? I think the right thing to do is to send this case back. Failing that, I would ask that the court keep this open just briefly so I could submit some supplemental briefings specifically on Hubbard. Having said all that, I'll submit. Thank you. Thank you. Thank you both. The case of Bobadilla v. Gibson is now submitted.
judges: Murguia, Watford, Vanaskie